IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEVEN DENNIS YOUNG,**

    **Plaintiff,**

v.                                                  **CASE NO. 4:06-cv-00124-RH-AK**

**FLORIDA DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

_____/

### O R D E R

This matter is before the Court on the following motions: (1) Motion to Expedite (doc. 5); (2) Motion to be placed in federal protective custody (doc. 7); and 3) Motion for Protective Order.  (Doc. 8).

Plaintiff has not alleged facts in his complaint that warrant placing his lawsuit ahead of others filed earlier than his, and therefore, his motion to expedite is denied. Also, he is presently in the custody of the state prison system.  This Court does not have jurisdiction to have him or his witnesses transferred to a federal facility.  Therefore, his motions for protective custody (docs. 7 and 8) are also denied.

The Court has also reviewed the complaint and finds that the facts as presented fail to state a claim upon which relief can be granted.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he has hepatitis C and is not being treated properly by unnamed medical staff.  The only defendant he has named is DOC.  He must name specific persons whom he claims are being deliberately indifferent to his

medical needs and provide specific examples with dates and times before this Court can adequately assess whether he has stated a claim for relief.  Also, the relief Plaintiff seeks, being transferred to federal custody for treatment, is not available to Plaintiff.  If he does not want damages and seeks only injunctive relief, it must be sought from the named defendants or by persons who are in a position to provide such relief.  He should examine the case law below to determine how he should frame his claims and who should be defendants in this cause.

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001).  The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).  This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an

unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

To show the factors set forth above, Plaintiff must name the Defendants and provide details such as dates of when he asked for medical care and from whom, and dates when he received it and from whom.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is

involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's motions (doc. 5, 7, and 8) are **DENIED**.

2. The clerk of court shall forward to Plaintiff another Section 1983 form.

3. Plaintiff must respond to this order by **November 16, 2006.**

4. **Failure of Plaintiff to respond to this order or submit the requested**

**information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  **26th** of October, 2006.


        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**