# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEPHEN DENNIS YOUNG,**

    Plaintiff,

vs.                      **CASE NO. 4:06CV124-RH/AK**

**DR. HIEP NGUYEN, et al,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed an amended complaint under 42 U.S.C. §1983 alleging deliberate indifference to his medical needs by staff at Columbia Correctional Institution and Florida State Prison. (Doc. 30). Plaintiff's original complaint (doc. 1) named only Florida Department of Corrections as a defendant, so it was not until Plaintiff filed an amended complaint naming the specific defendants that the Court became aware of the need to transfer this cause. Because Columbia C. I. is located in the Middle District of Florida, as are the Defendants,[1] the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

---

[1] Plaintiff has named two defendants from Central Office in Tallahassee, but his claims against them relate to their responses to his grievances only and these claims are not viable and should be dismissed or deleted if Plaintiff files a second amended complaint.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  See Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this **10th** day of May, 2007.

                *s/ A. KORNBLUM*
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:06CV124-RH/AK**